UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LYNN JOSEPH TWO EAGLE, | ) | CR. 10-5035-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER TO |
| DOUGLAS WEBER, | ) | SHOW CAUSE AND |
| Warden, South Dakota | ) | APPOINTMENT OF COUNSEL |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

This matter is before the court pursuant to a petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by Petitioner Lynn Joseph Two Eagle on May 21, 2010. [Docket No. 1]. Mr. Two Eagle's petition for a writ of habeas corpus and all related motions were referred to this magistrate judge for a report and recommendation to the district court pursuant to the district court's order dated June 18, 2010, [Docket No. 5], and 28 U.S.C. § 636(b)(1)(B).

In response to Mr. Two Eagle's petition, the government filed a motion to dismiss Mr. Two Eagle's petition for habeas relief and an accompanying memorandum in support of the motion [Docket Nos. 8, 9]. Mr. Two Eagle has never responded to the respondent's motion.

1

**FACTS AND PROCEDURAL HISTORY**

The factual and procedural history of this case are limited to those events relevant to this discussion. This case arose in the Seventh Judicial Circuit Court, Pennington County, South Dakota.[1] On October 17, 2001, Mr. Two Eagle pleaded guilty but mentally ill to a charge of first degree burglary. See Pennington County Criminal File 01-1186 ("SR"), at Docket 74. On October 16, 2002, Mr. Two Eagle sought and was eventually granted habeas relief because the state court had failed to hold a hearing regarding Mr. Two Eagle's mental status, as required by S.D.C.L. § 23A-7-16. Pennington County Civil File 02-1122 ("HSR"), at Docket 72. On August 15, 2005, Mr. Two Eagle's plea was withdrawn and the plea agreement nullified. Id.

On November 21, 2005, Mr. Two Eagle was charged with attempted first degree robbery. SR 113. He entered a plea of guilty but mentally ill to that charge on January 6, 2006. SR 121. The trial court entered judgment on February 6, 2006, and sentenced Mr. Two Eagle to 12 ½ years in the South Dakota State Penitentiary, with 3 ½ years of that sentence suspended on conditions. SR 121.

---

[1] Mr. Two Eagle's state circuit court criminal file number is Cr. 01-1186. His state circuit court habeas file number is Civ. 02-1122.

Mr. Two Eagle filed a notice of appeal to the South Dakota Supreme Court on March 16, 2006.  After several of Mr. Two Eagle's requests for extensions of time to file his appellate brief were granted, and the court granted leave for Mr. Two Eagle to file a *pro se* amended brief, the South Dakota Supreme Court affirmed his conviction on March 31, 2008.  SR 203.  Mr. Two Eagle did not seek further review by the South Dakota Supreme Court, or by the United States Supreme Court.  See Civ. 10-5035-JLV, Docket No. 1.

Following his sentencing, Mr. Two Eagle wrote numerous letters to the state court, airing various grievances about his confinement and perceived lack of communication with the court and counsel.  He also filed several *pro se* petitions seeking habeas relief.  On June 27, 2008, the Pennington County Circuit Court issued its first memorandum habeas decision, findings of fact, conclusions of law, and order denying habeas relief.  HSR 73.  On April 9, 2009, the Pennington County Circuit Court issued its second memorandum decision and order denying Mr. Two Eagle's petition for habeas relief.  HSR 83.

On February 10, 2010, with the assistance of counsel, Mr. Two Eagle filed with the state court another application for habeas corpus relief.  (Filed in HSR without a docket number; located immediately following HSR 92).  The petition challenged the judgment of conviction entered by the circuit court on February 6, 2006.  Mr. Two Eagle's petition alleged violations of his right to due process under the Fifth and Fourteenth Amendments and Article Six, Section

Two of the South Dakota Constitution; violation of his right against cruel and unusual punishment under the Eighth and Fourteenth Amendments and Article VI, Section Twenty-Three of the South Dakota Constitution. His petition raised six issues:

    a.    That the evidence was insufficient to show that Mr. Two Eagle was competent to enter a plea at the time he plead guilty but mentally ill (Grounds 14.a and 14.b);

    b.    That the guilty but mentally ill plea was invalid, because the court failed to advise Mr. Two Eagle of his constitutional rights, waiver of rights, nature of the claim, elements of the offense, whether a factual basis for the plea existed, and whether the plea was voluntary (Ground 14.c);

    c.    That the judgment imposed constituted cruel and unusual punishment because Mr. Two Eagle was ordered to pay $3,000 for unspecified costs from a previous judgment that was entirely vacated prior to Mr. Two Eagle's sentence (Ground 14.d);

    d.    That Mr. Two Eagle's confinement and parole constituted cruel and unusual punishment because he was denied psychiatric treatment throughout his incarceration, parole, and re-incarceration (Ground 14.e);

    e.    That Mr. Two Eagle's confinement constituted a continuing violation of due process, because he was serving time on a suspended portion of sentence from a suspended imposition for violating parole from the unsuspended portion of the sentence, and there is no lawful authority for revoking a suspended sentence in the absence of a violation of a term of the original judgment (Ground 14.f).

On February 24, 2010, the circuit court dismissed with prejudice Mr. Two Eagle's petition for habeas relief. HSR 92. The court determined that no appealable issue existed and declined to issue a certificate of probable

4

cause. HSR 93. There is no indication in the record that Mr. Two Eagle thereafter filed a motion for a certificate of probable cause with the South Dakota Supreme Court.

Instead, on May 17, 2010, Mr. Two Eagle filed the present petition for federal habeas relief. See Docket 1. The present petition raises two grounds for relief: (1) that Mr. Two Eagle was denied due process when the court accepted his guilty but mentally ill plea, because he was not competent at the time he entered it; and (2) Mr. Two Eagle was denied due process at his change of plea hearing, because the court failed to advise him of his constitutional rights, the rights he waived by entering a plea, the nature of the charge against him, and the essential elements of the offense, and also did not determine whether a factual basis for the plea existed or whether the plea was voluntary. See Docket 1, at 6 and 8.

In response, the respondent filed a motion to dismiss on grounds that Mr. Two Eagle procedurally defaulted on his claims in state court. See Docket No. 9. The respondent argues that Mr. Two Eagle failed to exhaust his remedies in state court prior to presenting his federal habeas petition to the district court. Docket No. 9, at 3. Finally, respondent asserts that Mr. Two Eagle's petition must be dismissed because he cannot show cause for his failure to request a certificate of probable cause and prejudice, as required by Coleman v. Thompson, 501 U.S. 722, 752-55 (1991).

## DISCUSSION

### A. Exhaustion of State Remedies

A federal court may not consider a claim for relief in a habeas corpus petition pursuant to 28 U.S.C. § 2254(b) if the petitioner has not exhausted his state remedies. "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). This rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court.

Section 2254(c) requires "that state prisoners give state courts a *fair* opportunity to act on their claims." O'Sullivan, 526 U.S. at 844. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are

6

presented to the federal courts, [the Supreme Court has held] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims which were not exhausted at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.

In O'Sullivan, the state prisoner had presented three of his claims to an Illinois trial court, but had not petitioned for discretionary review of those claims before the Illinois Supreme Court. Id. at 840-41. Illinois law provided for a two-step appellate review procedure. Id. at 843. Once the state prisoner's habeas claims were heard by the initial court, he had a right to petition the Illinois Supreme Court for discretionary review. Id. The petitioner in O'Sullivan failed to petition the Illinois Supreme Court for discretionary review after the state trial court had an opportunity to consider his claims. Id. at 840-41, 843-44. Thus, as to the three claims presented to the state trial court, the petitioner failed to fulfill the exhaustion requirement. Id. at 846-48.

The exhaustion requirement and procedural default are closely related, but are not coterminous. Here, it is clear that Mr. Two Eagle failed to exhaust his state remedies. Like the petitioner in O'Sullivan, he had a right to present his case to the South Dakota Supreme Court for discretionary review after presenting his claims to the state trial court. And, like the petitioner in

7

O'Sullivan, Mr. Two Eagle failed to pursue that avenue of relief. Thus, this court can conclude that Mr. Two Eagle has not exhausted his state avenues for relief by affording the highest state court a fair opportunity to act on his claims. See O'Sullivan, 526 U.S. at 842.

However, before dismissing a federal habeas petition on the grounds that a petitioner has not exhausted his state remedies, the court must be able to conclude that there is a state remedy presently available to the petitioner. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988) (stating that one of the four elements a federal court must consider is whether the exhaustion requirement is nevertheless technically met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist) (quoting Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)).[2] Here, it appears to this court that because the South Dakota Supreme Court denies all untimely requests for a certificate of probable cause, there is no current

---

[2]The four steps a court must consider before dismissing a habeas petition for failure to exhaust state remedies are: (1) did "the petitioner fairly present[ ] the federal constitutional dimensions of his federal habeas corpus claim to the state courts"; (2) whether the exhaustion requirement is nevertheless met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist; (3) whether petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly"; and (4) whether the petitioner has "shown actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988).

remedy available to Mr. Two Eagle in state court. Docket No. 9, at 8 (quoting Hannon v. Weber, 2001 SD 146, ¶ 8, 638 N.W.2d 48, 50).

Section 21-27-18.1 of the South Dakota Codified Laws provides that, following a state trial court's denial of habeas relief, the petitioner must ask the trial court to issue a certificate of probable cause that an appealable issue exists.[3] Mr. Two Eagle asked the state habeas court for the issuance of such a certificate and that court denied his request.

Section 21-27-18.1 also provides that a habeas petitioner may seek a certificate of probable cause from the South Dakota Supreme Court within twenty days of the trial court's refusal to issue such a certificate. See S.D.C.L. § 21-27-18.1. This is the step that Mr. Two Eagle failed to complete. There appears to be no exception for the twenty-day period under South Dakota law. Therefore, although Mr. Two Eagle did not first present to the highest state court the claims contained in his federal habeas petition, this court cannot

---

[3]Section 21-27-18.1 provides in pertinent part as follows:

A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists. A motion seeking issuance of a certificate of probable cause shall be filed [with the circuit judge] within thirty days from the date the final judgment or order is entered. . . . [U]pon the circuit judge's refusal to issue a certificate of probable cause, [a party may] file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal. . . .

9

conclude that his petition should be dismissed for failure to exhaust, because Mr. Two Eagle does not currently enjoy any non-futile state avenue for pursuing exhaustion of state remedies. Welch v. Lund, 616 F.3d 756, 760 (8th Cir. 2010) (stating that by failing to pursue discretionary appeal to Iowa Supreme Court, federal petitioner had "technically" exhausted state remedies because no further remedy was available to him in state court) (citing Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982)).

**B.    Procedural Default**

In order to protect the integrity of the exhaustion rule, courts have created the separate rule of waiver, or "procedural default," as it is more commonly known. Dretke v. Haley, 541 U.S. 386, 392 (2004); O'Sullivan, 526 U.S. at 853 (Stevens, J., dissenting). As Justice Stevens explained, "[i]f we allowed state prisoners to obtain federal review simply by letting the time run on adequate and accessible state remedies and then rushing into the federal system, the comity interests that animate the exhaustion rule could easily be thwarted." O'Sullivan, 526 U.S. at 853-54 (Stevens, J., dissenting). "[W]e therefore ask in federal habeas cases not only whether an applicant has exhausted his state remedies; we also ask *how* he has done so." Id. at 854 (emphasis added). The "second inquiry forms the basis for our procedural default doctrine: A habeas petitioner who has concededly exhausted his state remedies must also have *properly* done so by giving the State a fair 'opportunity

10

to pass upon [his claims].' " Id. (quoting Darr, 339 U.S. at 204). "When a prisoner has deprived the state courts of such an opportunity, he has procedurally defaulted his claims and is ineligible for federal habeas relief save a showing of 'cause and prejudice.' " Id. (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986)). See also Dretke, 541 U.S. at 393.

Here, it is clear that Mr. Two Eagle procedurally defaulted his claim in state court, because he failed to seek discretionary review before the South Dakota Supreme Court by requesting a certificate of probable cause. See Welch, 616 F.3d at 758, 760 (citing O'Sullivan, 526 U.S. at 847). Hence, his petition is properly dismissed unless he can show cause *and* prejudice.[4] An evidentiary hearing is not required on the cause and prejudice inquiry if the court can determine as a matter of law that the petitioner cannot satisfy the standard. McCleskey v. Zant, 499 U.S. 467, 494 (1991).[5]

---

[4]Mr. Two Eagle does not assert that denial of federal review would result in a "miscarriage of justice" because he is "actually innocent," which is an alternate exception to the application of the procedural default rule. Welch, 616 F.3d at 760 (citing Murray, 477 U.S. at 496). Nor does he argue that S.D.C.L. § 21-27-18.1 is not firmly established and regularly followed, which might also excuse a procedural default caused by not following § 21-27-18.1. Id. (citing James v. Kentucky, 466 U.S. 341, 348 (1984)). Accordingly, the court declines to further discuss whether Mr. Two Eagle's procedural default is excused by either of these circumstances.

[5]There is authority to the effect that a claim cannot be considered to be procedurally defaulted unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar. Nicklasson v. Roper, 491 F.3d 830, 839 (8th Cir. 2007) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)). However, this requirement seems to be

11

**C.     Whether Mr. Two Eagle Can Demonstrate Cause and Prejudice**

Mr. Two Eagle makes no assertion in his habeas petition that he can show cause and prejudice for his failure to petition the South Dakota Supreme Court for a certificate of probable cause, whether due to ineffective assistance of counsel, his mental illness, or some other circumstance. Instead, his federal habeas petition merely sets forth the facts that the state habeas court denied his request for a certificate of probable cause, and that his claims were later raised in a *pro se* brief sent by Mr. Two Eagle to the South Dakota Supreme Court. See Docket No. 1, at 6-8. Also, as noted above, Mr. Two Eagle did not file a response to the respondent's motion to dismiss wherein the concept of procedural default is raised.

---

disregarded where the procedural default consists in failing to seek review altogether before a particular court–in which case the court has not issued a decision and explained the basis for its decision. O'Sullivan, 526 U.S. at 847; Welch, 616 F.3d at 760.

These apparently inconsistent holdings can be harmonized, however, by remembering that the reason for the exhaustion and procedural default rules is founded in concerns for comity towards state courts. Therefore, if, despite a procedural default, a state court is willing to review a matter on the merits, federal courts do no disservice to comity concerns by also agreeing to reach the merits. Nicklasson, 491 F.3d at 839. Thus, in such cases, procedural default in state court would not bar later federal review of the claims. Id. Likewise, if the procedural default consists, as here, in failing to petition a state court for review altogether, federal courts would trample comity concerns by reaching the merits of such cases. O'Sullivan, 526 U.S. at 846-48. To do so would present an "end run" around the exhaustion and procedural default rules.

A demonstration of the "cause" element of the cause and prejudice test "must be something external to the petitioner" and requires also "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). The Supreme Court has held that attorney error that rises to the level of ineffective assistance of counsel may constitute cause, but mere attorney ignorance or inadvertence is not cause. Coleman, 501 U.S. at 754-55 (citing Carrier, 477 U.S. at 488).

Because there is no constitutional right to counsel in state postconviction proceedings, Mr. Two Eagle cannot make a valid claim that he received constitutionally ineffective assistance of counsel in such proceedings. See Coleman, 501 U.S. at 752-53; Pennsylvania v. Finley, 481 U.S. 551 (1987). This is true despite the fact that Mr. Two Eagle was in fact represented by counsel during his postconviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551 (1987) (holding that there is no equal protection or due process right to appointed counsel in postconviction proceedings); and see Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (holding that since petitioner had no constitutional right to counsel to pursue discretionary review by state Supreme Court, he was not deprived of effective assistance of counsel by his retained counsel's failure to timely file application for *certiorari*, even where the consequences of counsel's misfeasance implicated due process). "In the

absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation . . . ." Coleman, 501 U.S. at 754 (quoting Carrier, 477 U.S. at 488).

However, Eighth Circuit precedent does establish that a *pro se* petitioner's mental illness may constitute cause and prejudice for a procedural default. In Holt v. Bowersox, 191 F.3d 970 (8th Cir. 1999), the state prisoner had pleaded guilty to murder and been sentenced to life in prison. Id. at 972. Immediately before his plea in state court, he had been evaluated and found to be competent. Id. at 973. However, immediately upon incarceration, there was evidence that the prisoner suffered severe mental illness. Id. at 972-73. The prisoner procedurally defaulted his claims in state court and then filed a federal habeas petition pursuant to § 2254. Id. The district court denied the federal habeas petition, finding that the prisoner's default in state court barred review and that the prisoner could not establish cause and prejudice. Id. at 973-74. The Eighth Circuit reversed and remanded, holding that the district court should have held an evidentiary hearing to determine whether the prisoner could show that his mental status constituted both cause and prejudice for his procedural default in state court. Id. at 974-76.

In order for Mr. Two Eagle's mental incompetency to excuse his failure to have requested a certificate of probable cause from the state Supreme Court, he must make "a conclusive showing that [he] was incompetent at the time of

14

the postconviction proceedings." See Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). The relevant time frame for this inquiry is simply the period between March 18, 2010, the date the state habeas court denied Mr. Two Eagle's request for a certificate of probable cause [HSR 93], and April 7, 2010, the deadline under state law by which time Mr. Two Eagle must have asked the state Supreme Court for a certificate of probable cause. See S.D.C.L. § 21-27-18.1. See also Holt, 191 F.3d at 974-75 ("The standard . . . limits the inquiry into petitioner's mental competency to the time period during which he should have pursued post-conviction relief."). Mr. Two Eagle's present mental status, as well as his mental status at the time he committed the offense, are irrelevant to this inquiry.[6]

---

[6]The record is clear that Mr. Two Eagle's mental health has historically been quite poor. In both January and February, 2006, the sentencing court heard testimony about Mr. Two Eagle's mental state at the time he committed the offense for which he was convicted. See Change of Plea Transcript, Cr. 01-1186. The court heard testimony that, three months prior to the time he entered his plea, Mr. Two Eagle attempted suicide in his jail cell. Id. However, Dr. Manlove testified that at the time he evaluated Mr. Two Eagle, in November, 2005, his mental state had improved. Dr. Manlove also testified that Mr. Two Eagle's mental competency was intermittent. Dr. Manlove was unable to testify that Mr. Two Eagle was competent on the day he was sentenced, but also was not able to point the court to any indicators that Mr. Two Eagle's mental state had decompensated from the time he evaluated him.

At the sentencing hearing, neither the state nor Mr. Two Eagle (including Mr. Two Eagle's counsel) made any record of present mental incapacity. The sentencing court found that Mr. Two Eagle was competent to enter a plea. See Transcript of Sentencing, Cr. 01-1186.

In the absence of a valid excuse, Mr. Two Eagle's failure to request a certificate of probable cause from the state Supreme Court bars the federal court from considering his claims. The Holt holding is not, strictly speaking, controlling in this case because Mr. Two Eagle was not acting *pro se* when he procedurally defaulted. Instead, he was represented by counsel. And it is clear that a lawyer's mistake in post-conviction proceedings does not constitute ineffective assistance of counsel sufficient to establish cause and prejudice. Wainwright, 455 U.S. at 587-88.

The Eighth Circuit addressed a similar factual situation in Ervin v. Delo, 194 F.3d 908 (8th Cir. 1999). In that case, Tomas Ervin was convicted of two counts of first-degree murder and one count of first-degree robbery. Ervin, 194 F.3d at 913. He was sentenced to death. Id. Ervin's subsequent motion for habeas relief was denied by the state court, and the Missouri Supreme Court affirmed his convictions and sentence. Id. The United States Supreme Court denied Ervin's petition for *certiorari.* Id. (citing Ervin v. Missouri, 507 U.S. 954 (1993)).

Ervin filed a habeas petition in federal district court, challenging his state court convictions. Id. The district court denied relief, but certified four issues for appeal. Id. One of Ervin's claims was that his failure to raise certain issues during his postconviction proceedings should be excused due to his mental illness. Id. at 915. In support of his claim, Ervin submitted affidavits

16

from his postconviction counsel and a psychologist.  Counsel asserted that Ervin "clearly was not able to assist [her] in any rational manner."  Id. at 916.  The psychologist stated that Ervin had "classic symptoms of a major depressive disorder."  Id.  She also found that Ervin "lacked the energy to engage in the legal process" and "would not have had the capacity to assist counsel."  Id.  Ervin requested a hearing to determine the severity of his depression during postconviction proceedings, but the district court declined to hold an evidentiary hearing.  Id. at 915.

The Eighth Circuit agreed with the district court that an evidentiary hearing would not have been productive, and noted the district court's observation that "Ervin's alleged depression did not hinder his ability to file a *pro se* postconviction motion."  Id. at 916 (citing Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir.) (mental illness that does not hinder petitioner's ability to file pleadings is not "cause" for excusing procedural default), *cert. denied*, 525 U.S. 953 (1998)).  The Eighth Circuit noted that, Ervin's alleged depression notwithstanding, Ervin was represented by counsel during postconviction proceedings, and there was no evidence that Ervin was unable to consult with her or assist in his defense.  Id. (citing Stanley v. Lockhart, 941 F.2d 707, 709-10 (8th Cir. 1991)).  Because Ervin failed to make a conclusive showing of incompetence at the time of his procedural default, the Eighth Circuit

17

concluded that the district court did not abuse its discretion in denying an evidentiary hearing. Ervin, 194 F.3d at 916.

In the present case, Mr. Two Eagle has failed to present any general indication of his mental state at the time he failed to request a certificate of probable cause from the South Dakota Supreme Court, much less any evidence that he was incompetent at the time of his procedural default. Even if he had presented evidence tending to show that his ability to file postconviction motions was hindered, Mr. Two Eagle was in fact represented by counsel at the time he failed to request a certificate of probable cause from the South Dakota Supreme Court, and there is no evidence before this court that Mr. Two Eagle was unable to consult with postconviction counsel or to assist him during the relevant time period.

Accordingly, the court orders that Mr. Two Eagle file a response to the government's motion to dismiss his federal habeas petition. Mr. Two Eagle's response should show cause why the district court should not dismiss his habeas petition for failure to show cause and prejudice that excuses his procedural default in state court. Mr. Two Eagle's response should also address whether, and to what extent, Mr. Two Eagle's mental state between March 18, 2010, and April 7, 2010 affected his ability to consult with counsel or assist in his defense.

**D.     Appointment of Counsel**

A court may, "in the interests of justice," appoint representation to any financially eligible person who is seeking relief under 28 U.S.C. § 2254. See 18 U.S.C. § 3006A(a)(2)(B). The Eighth Circuit has set forth the following standard with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (internal citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

Though this court has not determined at this juncture that an evidentiary hearing will be warranted in this case, this court believes appointment of counsel now is nonetheless justified, based on the legal complexity of Mr. Two Eagle's case, the lengthy and numerous state court

records before the court, and Mr. Two Eagle's likely inability to investigate the limited question of his mental state in early 2010, and further inability to clearly articulate legally sufficient reasons why his federal habeas petition should not be dismissed. This court will appoint attorney Michael J. Simpson to assist Mr. Two Eagle with preparing his response to the government's motion to dismiss the pending petition for federal habeas relief, as outlined above.

## CONCLUSION

It is hereby

ORDERED that Petitioner Lynn Two Eagle file a response to the government's motion to dismiss within thirty days of the date of this order addressing why this court should not recommend dismissal of his petition due to his procedural default in South Dakota state court. It is further

ORDERED that attorney Michael J. Simpson be appointed to assist Mr. Two Eagle with his response. The clerk's office is directed to prepare a voucher pursuant to the Criminal Justice Act and forward the same to Mr. Simpson. The clerk's office is further directed to send a certified copy of this order to Mr. Simpson.

Dated October 21, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE